# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  04-30052 |
| | ) | |
| WILLIAM A. GINGLEN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant William A. Ginglen's sentencing hearing held December 29, 2005. Ginglen was present in person and with counsel, Ronald Hamm. The Government was present by Assistant United States Attorney Patrick Chesley. On July 8, 2005, pursuant to a written plea agreement, Ginglen pleaded guilty to the charge of Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), as alleged in Counts 1, 3, 5, 7, 9, 11, and 13, and the charge of Carrying and Using a Firearm During a Crime of Violence, in violation of § 924(c)(1), as alleged in Counts 12 and 14 of the Superseding Indictment (d/e 16). The United States Probation Office prepared a Revised Presentence

1

Investigation Report (PSR), dated November 1, 2005. The Government had no objections to the PSR. Defendant Ginglen initially objected to the factual assertions in Paragraphs 31, 32, and 162, but withdrew those objections at the sentencing hearing.

The Court therefore adopted the findings of the PSR as its own. Accordingly, the Court found that, with respect to Counts 1, 3, 5, 7, 9, 11, and 13, Defendant Ginglen had an offense level of 30, and was in criminal history category I. The Court further found that Count 12 carried a mandatory minimum imprisonment range of 7 years (84 months), to be served consecutively to any other term of imprisonment imposed, and Count 14 carried a mandatory minimum imprisonment range of 25 years (300 months) consecutive to any other sentence. The resulting Guideline sentencing range was 481 months to life. The Court noted that the Guidelines are advisory, and the Court must exercise its discretion in determining Defendant Ginglen's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005). The Court further noted that the mandatory statutory minimums are binding on the courts.

THEREFORE, after considering the case file, the PSR, the

statements of counsel, Ginglen's own statement, the applicable sentencing guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Defendant Ginglen to a total of 481 months imprisonment: 97 months imprisonment on each of Counts 1, 3, 5, 7, 9, 11, and 13, to run concurrently to each other; 84 months imprisonment on Count 12, to run consecutively to Count 11; and 300 months on Count 14 to run consecutively to Counts 11 and 13. The Court ordered Ginglen to pay restitution in the sum of $56,382, and imposed a $900 special assessment. The special assessment was ordered to be due immediately. The Court ordered Defendant Ginglen to pay the restitution as follows: (1) $4,022 to The Cincinnati Insurance Company, Springfield, Illinois; (2) $11,897 to Bank of Kenney, Kenney, Illinois; (3) $8,374 to Farmers State Bank and Trust of Versailles, Mount Sterling, Illinois; (4) $10,000 to Barker Brothers, Inc., Greenview, Illinois; (5) $10,105 to The Cincinnati Companies, Springfield, Illinois; (6) $10,214 to First Mid-Illinois Bank and Trust, Monticello, Illinois; and (7) $1,770 to Petefish Skiles and Company Bank, Tallula, Illinois.

      The Court also ordered Defendant Ginglen to pay restitution as follows: (1) during his term of imprisonment, Defendant Ginglen shall pay

(a) $250.00 a month of his pension payment toward his restitution and (b) quarterly installments of (i) $25.00 if he is employed in a non-UNICOR position, or (ii) 50 percent of his income if he is employed in a UNICOR position; and (2) upon his release from prison, Defendant Ginglen shall pay, in monthly installment, at least 50 percent of his disposable income. The Court additionally ordered that in the event Defendant Ginglen receives from any source (other than his prison earnings and pension payments) property, money, or an offer of anything of value worth $100 or more, he is ordered to assign his interest in the property, money, or right to receive it, to the Clerk of the U.S. District Court for the Central District of Illinois to apply toward the restitution, until it is paid in full. No fine is imposed.

The Court granted the Government's oral motion to dismiss Counts 2, 4, 6, 8, and 10. The Court informed Defendant Ginglen that he has reserved his right to appeal the Court's ruling on his Motion to Suppress, and appeal rights were given.

IT IS THEREFORE SO ORDERED.

ENTER: January 3, 2006.

FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE