IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-30052 |
| ) | |
| WILLIAM A. GINGLEN, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant's Motion for Stay or Injunction Pending Appeal (d/e 58). For the reasons stated below, this Motion is denied.

Defendant William A. Ginglen (Ginglen) pleaded guilty on July 8, 2005, to seven counts of armed robbery and two counts of using a firearm during and in relation to a crime of violence -- all charges arising from a spree of bank robberies in Central Illinois. On December 29, 2005, the Court sentenced Ginglen to concurrent 97-month terms on each of the seven robbery counts and 84-month and 300-month terms on the firearm counts. The Court also imposed a $56,382.00 restitution order, requiring

1

that while in custody, Ginglen pay at least $250 a month from his monthly pension income to his victims. On March 15, 2007, Ginglen filed a Motion for Reduction of Monthly Restitution Payment (d/e 47). The Court denied his Motion on October 4, 2007, and because Ginglen had unilaterally stopped making his restitution payments while his Motion was pending, the Court ordered his payments increased to $300 a month until he makes up the missed payments. See October 4, 2007, Opinion (d/e 52). Ginglen filed a Notice of Appeal (d/e 53) and now asks the Court to stay its Opinion pending the resolution of his appeal.

Federal Rule of Appellate Procedure 8(a) allows a district court to stay its judgments or orders during the pendency of an appeal. "The factors to be considered in a request for a stay pending appeal are (1) whether appellant has made a showing of likelihood of success on appeal, (2) whether appellant has demonstrated a likelihood of irreparable injury absent a stay, (3) whether a stay would substantially harm other parties to the litigation, and (4) where the public interest lies." Glick v. Koenig, 766 F.2d 265, 269 (7th Cir. 1985).

The Court finds that none of these factors favor Ginglen. First, Ginglen has little or no chance of prevailing on the appeal. This was not a

difficult or complicated issue, and the Court finds it exceedingly unlikely that the Seventh Circuit will reverse its ruling. Second, Ginglen has not demonstrated a likelihood of irreparable injury absent a stay. Foregoing discretionary expenses to satisfy his obligation to his victims does not constitute irreparable harm. Third, if Ginglen continues to avoid making his restitution payments, the Government's ability to bring justice to his victims will be substantially harmed because those victims may never recoup the money Ginglen should have paid in the intervening months. Fourth, allowing Ginglen to evade his obligation to repay his victims would violate the public interest. Ginglen is not entitled to a stay.

THEREFORE, Defendant's Motion for Stay or Injunction Pending Appeal (d/e 58) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: November 5, 2007

   FOR THE COURT:

           s/ Jeanne E. Scott
           JEANNE E. SCOTT
        UNITED STATES DISTRICT JUDGE